IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JULIO HUNSBERGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-131 |
| | ) | |
| BRIAN ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

A jury sitting in the Superior Court of Richmond County, Georgia, convicted Petitioner of kidnapping with bodily injury. Hunsberger v. State, 683 S.E.2d 150, 151 (Ga. Ct. App. 2009); see also doc. no. 1, p. 1. Petitioner was sentenced on September 12, 2006, to life imprisonment. (Doc. no. 1, p. 1.) The Georgia Court of Appeals affirmed the conviction on August 6, 2009. Hunsberger, 683 S.E.2d at 153.

Petitioner filed his state habeas corpus petition on August 9, 2010,[1] and the state habeas court denied relief in an order dated November 18, 2019. (Doc. nos. 7-1, 7-4.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on June 16, 2020, and issued its remittitur on July 28, 2020. (Doc. nos. 7-6, 7-7.) Petitioner executed his federal habeas corpus petition on August 29, 2020, and the Clerk of Court filed it on September 10, 2020. (Doc. no. 1, pp. 1, 16.)

Respondent argues the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 6.) Petitioner originally asserted his petition was timely because he filed a state habeas petition within one year of his conviction becoming final. (Doc. no. 1, p. 14.) Faced with Respondent's motion to dismiss, Petitioner does not contest the relevant dates in his underlying state proceedings or the deadline for filing as presented by Respondent. Rather, in contravention of the signature date on his petition, August 29, 2020 (id. at 16), Petitioner now claims he filed his federal petition on August 12, 2020, two days prior to his federal filing deadline. (Doc. no. 9, p. 2.) Petitioner provides no explanation for the discrepancy between his signature date on the petition and the date he now claims he filed his federal petition.

## II. DISCUSSION

### A. The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs

---

[1] Petitioner dated his state habeas petition July 21, 2010 (doc. no. 7-1, p. 7), but in Georgia, the mailbox rule does not apply to the original filing of *pro se* state habeas petitions. See Roberts v. Cooper, 691 S.E.2d 875, 877-78 (Ga. 2010). Thus, state habeas petitions are filed on the date the clerk receives it, not the date a petitioner signs it.

from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires.'"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Accordingly, for a Georgia defendant who has his or her conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires

without filing such a petition.  Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)).  This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort."  Id. (citing U.S. Sup. Ct. R. 13.1).  As Petitioner did not seek a writ of certiorari from Georgia's Supreme Court, his conviction became final twenty days after the Court of Appeals affirmed his conviction on August 6, 2009.  See id. at 414-15.

Petitioner had one year from the date his conviction became final, August 26, 2009, to file his federal habeas corpus petition or take other action to toll the one-year limitations period.  Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  As Petitioner acknowledges, (doc. no. 9, pp. 1-2), when he filed his state habeas corpus petition on August 9, 2010, seventeen days remained on his AEDPA one-year statute of limitation.  That one-year clock was tolled throughout the state habeas corpus proceedings, including the time during which Petitioner sought a CPC from the Georgia Supreme Court and until issuance of the Supreme Court's remittitur on July 28, 2020.  See Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016) (*per curiam*) ("[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citations omitted)).

Petitioner filed his state habeas corpus petition on August 9, 2010.  (Doc. no. 7-1, p. 1.)  Because a properly filed state habeas petition tolls the statute of limitations, Cramer, 461 F.3d at 1383, the federal limitations period was tolled until July 28, 2020, when the Georgia

4

Supreme Court issued its remittitur for the denial of Petitioner's application for a CPC. See Dolphy, 823 F.3d at 1345. Despite 348 days of Petitioner's one-year statute of limitations having elapsed prior to filing his state habeas petition, Petitioner then waited thirty-two days until filing his federal habeas corpus petition on August 29, 2020, the date which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system. (Doc. no. 1, p. 16.) Under the "prison mailbox rule," Petitioner's *pro se* filing is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*).

In applying the prison mailbox rule, "[a]bsent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (*per curiam*) (citation omitted). Consistent with the prison mailbox rule, Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts provides a prisoner must use the institution's system designed for legal mail to receive the benefit of Rule 3(d)'s conclusion that a paper is timely filed if deposited in the institutional mail on or before the last day for filing. Rule 3(d) further provides: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

Here, the Court starts its analysis based on the date Petitioner originally placed on his petition, August 29, 2020, as the date he signed the petition and gave it to prison officials for mailing. In response to the motion to dismiss, Petitioner alters his position, claiming he did not submit the petition to prison officials on August 29th, but rather on August 12th by

5

asserting that he "met this [August 14, 2020] deadline by filing his instant federal habeas corpus petition in this Court on Wednesday morning, August 12, 2020 - - two days BEFORE the deadline for filing." (Doc. no. 9, p. 2, ¶ 4.) He goes on to say, "The petitioner's instant federal habeas corpus petition was deposited in the prison mailbox on Wednesday morning, August 12, 2020." (Id. ¶ 5.) Neither statement satisfies the requirements of Rule 3(d) set forth above, and there is "no evidence to the contrary" to suggest the Court should apply any filing date other than the signature date on the petition as the date it was delivered to prison officials. See Daniels, 809 F.3d at 589-90; see also Houser v. United States, 808 F. App'x 969, 973 (11th Cir. 2020) (*per curiam*) (concluding signature date on original papers certifying delivery to prison officials for mailing would establish filing date "absent evidence to the contrary"). As the Court assumes Petitioner's federal petition was delivered to prison officials the day he certified under penalty of perjury he did so, and his belated attempts to shift that date does not provide the requisite evidence that would shift a burden to the Respondent to produce prison logs or other records beyond the current record evidence of Petitioner's signature date, see Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001), the Court concludes Petitioner filed his federal petition on August 29, 2020.

Because Petitioner waited thirty-two days to file his federal petition after allowing 348 days of his one-year statute of limitations to expire before his state habeas corpus proceedings tolled the clock, his current federal challenge is time-barred and should be dismissed.

> B. **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year

statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered. Indeed, he makes no argument about any circumstance that may have prevented him from timely filing because he asserts, as discussed and rejected above, that he did timely filed his federal petition. Nor has Petitioner presented any evidence much less new, reliable evidence to show that he did not commit the offense of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, he never claims he did not commit the offense of which he was convicted. Rather, his stated grounds for relief all focus on alleged legal errors committed by the trial court and counsel. There is no mention of new evidence.

In sum, Petitioner has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offense for which he was convicted. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency" (citing Bousely v. United States, 523 U.S. 614, 623 (1998)).

Because Petitioner has not shown he had been pursuing his rights diligently, and some extraordinary circumstance stood in his way to prevent him from timely filing his federal habeas corpus petition or that a miscarriage of justice will occur if the untimely claims are

8

dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 6), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 5th day of January, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA